ANNA GIBSON, RELATOR, v. GEORGE K. BATT, MAYOR; PHILIP B. TAYLOR, ALAN W. HASTINGS, RAYMOND D. SHEPARD AND WILLIAM E. McBRATNEY, COMMISSIONERS, CONSTITUTING THE BOARD OF COMMISSIONERS OF THE TOWN OF MONTCLAIR, AND THE TOWN OF MONTCLAIR, RESPONDENTS.

Argued January 21, 1948—Decided February 26, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the relator, *John A. Bennett.*

For the respondents, *John Ferguson.*

The opinion of the court was delivered by

WACHENFELD, J.   Relator is the owner of premises on South Park Street, Montclair, New Jersey, on which there is a three-story, six-family apartment house.   She also has a right of way for all purposes appurtenant to said premises along her northerly boundary line, the right of way being ten feet in width and extending easterly from South Park Street to a public municipal parking plaza recently established by the Town of Montclair.   The town acquired the fee to the ten-foot strip of land subject to relator's right as indicated in the conveyances.   The public parking plaza is a large affair designed for the accommodation of nearly 200 automobiles at one time and has installed upon it parking meters.

The relator contends that there has been "a taking of her property" and asks for a writ of *mandamus* to compel the town to institute condemnation proceedings in accordance with the doctrine enunciated in *Brown* v. *Murphy,* 136 *N. J. L.* 183.

The issue is presented by a rule to show cause under which no depositions were taken but is submitted on a stipulated state of facts.   Included therein is the deed (*Exhibit R-1*) creating the relator's easement described as "Together with a right of way for all purposes from Bradford Place to the rear of said premises over a strip of land ten feet in width adjoining the above described property on the north, which said right of way shall be appurtenant to the above described premises."

In the facts agreed upon, under the following subtitle, "As to Possession of the Town of Montclair," there is a statement of the population of the town and the fact that it paved and "is using the premises described in Schedule 'B' as an entrance to the principal municipal parking plaza of said Town."   Under subtitle "Exhibits," in the last paragraph it is stipulated: "* * * the encroachments on the property of Relator were made inadvertently and have this date been removed."

The relator contends that "private property cannot be taken for public use without just compensation;" that "the

destruction, restriction, diminution or interruption by public authority of the rights of an owner of a private right of way constitute a taking within the meaning of the constitutional provisions relating thereto;" that "an interference by public authority with a private right of way created by express grant constitutes an impairment of contract;" and that "the owner of the servient tenement cannot materially affect or alter the rights and duties of the owner of an easement."

None of these legal conclusions are disputed by the respondents. In answer to the first point they contend "there has been no interference in any way with the relator's easement, nor has it been extinguished in whole or in part." As to the second point they "do not deny that they cannot interfere with the relator's right of way, but they insist that there has been no such interference, nor do the stipulated facts show any." As to the third point the respondents say they "do not deny that if they interfere in any way with the legal rights of the relator in the right of way the property should be condemned." As to the fourth point the respondents admit they must not interfere with the relator's rights.

Assuming without admitting the legal principles advanced by the relator, and taking into consideration her admission on oral argument that she had no exclusive right, we are unable to find proof in the case establishing an interference with or an extinguishment of the relator's easement or right of way.

Before a writ of *mandamus* is allowed the right of the relator and the public duty sought to be enforced must both be clear and certain. *Beronio* v. *Pension Commission of Hoboken*, 130 *N. J. L.* 620.

The relator has failed to meet the burden of proof required and the rule to show cause will therefore be discharged, but without costs.